STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PETER ANTHONY CAMPISI, DEFENDANT-RESPONDENT.

Argued November 20, 1973—Decided December 19, 1973.

*Mr. John J. De Cicco,* Deputy Attorney General, argued the cause for the plaintiff (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. Robert I. Ansell* argued the cause for the defendant. (*Anschelewitz, Barr, Ansell & Bonello,* attorneys).

PER CURIAM: The defendant and others were indicted for murder and bench warrants were duly issued for their arrest; thereafter an indictment for an additional murder was returned but it is not strictly involved in the present proceeding before us in which bail was fixed by the trial judge in the sum of $750,000. The trial judge had before

him the defendant's prior criminal record along with an affidavit by the Chief Intelligence Officer of the State Police in which he set forth that his responsibility has been to conduct investigations with respect to organized crime groups in New Jersey and that his intelligence information has revealed that the defendant and the others indicted are members of such a group, that they have discussed fleeing the country in the event of criminal prosecution, and that they have set aside large sums to support such flight. In addition, the trial judge had before him certain Grand Jury testimony and affidavits which were sealed under a protective order issued pursuant to *R.* 3:13–3(d).

The defendant moved for reduction of bail but his motion was denied. The trial judge pointed out that the murder set forth in the indictment was not "just an ordinary murder" but was "an execution type of crime" and that the defendant was "a very strong suspect in five other murder investigations." The defendant obtained leave to appeal to the Appellate Division which declined to examine the sealed testimony and affidavits and reduced the bail to $200,000. On the State's application we granted leave to appeal and stayed the Appellate Division's reduction of bail.

We reject the defendant's contention that the matter of bail should have been determined by the trial judge without regard to the sealed testimony and affidavits. The sealing was for protective purposes in strict accordance with the legitimate goals of *R.* 3:13–3(d). The State indicated at oral argument that the Grand Jury investigation would be completed very shortly and that a goodly portion of the sealed material would then be available to the defendant; indeed we understand that since the oral argument the investigation may have been completed, that the Grand Jury has actually returned a new and more comprehensive superseding indictment against the defendant and others, and that the defendant is in custody in lieu of bail.

■■ We are satisfied that the sealed material was properly available to the trial judge for use in his discretionary

determination as to the amount of bail which would fairly be required to insure the defendant's "appearance at the trial." *State v. Johnson,* 61 *N. J.* 351, 359–360 (1972). We have examined the material and hold that, on the basis of all that he had before him, the trial judge acted well within his discretionary authority in fixing bail for the defendant in the sum of $750,000. Accordingly the judgment of the Appellate Division is:

Reversed, with direction that the trial judge's order fixing bail be reinstated.

*For reversal*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.